IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

MALCOLM SANDERS, #251 043      *

    Plaintiff,      *

       v.      *      1:09-CV-1045-MEF
                                  (WO)
LEARY, STAFF, *et al.*,      *

    Defendant.      *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed the instant 42 U.S.C. § 1983 action with the court on November 12, 2009. He complains that he was subjected to discriminatory treatment and required to pay for necessary hygiene items while incarcerated at the Houston County Jail in Dothan, Alabama.[1] Named as defendants are Sheriff Any Hughes, Commander Keith Reed, and Staff Leary, Moon, Trawick, and Champion. Plaintiff seeks an award of damages.

Pursuant to the orders of this court, Defendants filed an answer, written report and supporting evidentiary materials addressing the claims for relief raised in the complaint. In this report, Defendants assert that Plaintiff failed to properly exhaust administrative remedies available to him while he was confined in the Houston County Jail. Based on the orders entered in this case and governing case law, the court deems it appropriate to treat

_____

[1] When he filed the instant complaint Plaintiff was an inmate at the Houston County Jail. During the pendency of his action he was transferred to the custody of the Alabama Department of Corrections.

Defendants' report as a motion for summary judgment. Doc. No. 21; *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (Although an exhaustion defense "is not ordinarily the proper subject for . . . summary judgment[,]" the defense is appropriate for summary judgment when the evidence demonstrates administrative remedies "are absolutely time barred or otherwise clearly infeasible."). The court explained to Plaintiff the proper manner in which to respond to a motion for summary judgment. This case is now pending before the court on Defendants' motion for summary judgment and Plaintiff's opposition thereto. Doc. Nos. 20, 23. Upon consideration of the motion, the evidentiary materials filed in support thereof, and Plaintiff's opposition, the court concludes that Defendants' motion for summary judgment is due to be granted

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); Fed. R. Civ. P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the

---

[2] Effective December 1, 2007, "[t]he language of Rule 56 [was] amended . . . to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes . . . are

initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

Defendants have met their evidentiary burden and demonstrated the absence of a genuine issue of material fact with respect to Plaintiff's failure to exhaust administrative remedies. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive Defendants' properly supported motion for summary judgment, Plaintiff

---

stylistic only." Fed. R. Civ. P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

is required to produce "sufficient [favorable] evidence" establishing proper exhaustion of administrative remedies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative, . . . summary judgment may be granted." *Id*. at 249-50. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . ., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations"); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment"). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322

("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court, which is admissible on its face or which can be reduced to admissible form, indicates that there is no genuine issue

of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Plaintiff fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, 475 U.S. at 587.

## II. DISCUSSION

Plaintiff complains that he was subjected to racial discrimination while incarcerated at the Houston County Jail. Specifically, he alleges that a sprinkler head in his cell was intentionally broken, which caused some flooding in the cell as well as the release of hazardous fumes. When jail personnel arrived at the scene, Plaintiff states that staff removed a white inmate from the cell but directed Plaintiff and another cellmate, who are both black,

to remain therein because they believed the two inmates created the problem and deserved to suffer. Doc. Nos. 1 & 23. Plaintiff further complains that jail officials charged him for hygiene articles when he has a constitutional right to be provided with necessary hygiene items during the entire time he is incarcerated at the facility. In response to the complaint, Defendants maintain this case is subject to dismissal because Plaintiff failed to properly exhaust the administrative remedy provided at the Houston County Jail prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act ["PLRA"] compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325

(11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006).  Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***."  *Woodford*, 548 U.S. at 93 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage."  *Id*. at 90-91, 93.  The Court reasoned that because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him.  *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance, or simply spurns the administrative process until it is no longer available, fails to satisfy the exhaustion requirement of the PLRA).

The record in this case establishes that the Houston County Jail provides a grievance procedure for inmate complaints.  Doc. No. 20, Exs. A-K.  This administrative remedy is available to all Houston County Jail inmates, including Plaintiff at the time of his incarceration there.  *Id*.  Defendants assert that Plaintiff failed to exhaust his administrative

remedies with respect to the claims he presents against them in this action. *Id*. The declarations and evidentiary material offered by Defendants in support of their exhaustion defense show that Plaintiff failed to exhaust the claims he presents in the instant complaint in accordance with the Houston County Jail's administrative remedy procedures. *Id.* at Reed Aff. & Ex. A-K. Specifically, the undisputed records before the court reflect that Plaintiff did not file any grievance related to his hygiene claim. Further, while the evidentiary material before the court reflects that Plaintiff initiated the administrative grievance process with regard to his discrimination claim, he has provided nothing to refute Defendants' evidence showing that he failed to properly exhaust this claim through the county jail's grievance process. *Id.* Plaintiff admits that he did exhaust his discrimination claim but contends that his failure to do so should be excused because he was transferred during the middle of the grievance process. Doc. No. 23.

    The undersigned finds there is no dispute that Plaintiff failed to exhaust administrative remedies with respect to his claim concerning the provision of hygiene items. The unrefuted evidence in this case reflects that Plaintiff never filed a grievance about being required to pay for his own hygiene articles, and Plaintiff does not dispute that he did not exhaust available remedies with regard to this claim. *See* Doc. No. 20, Reed Aff. & Exs. A-K; Doc. No. 23. The court further concludes that it need not determine whether Plaintiff's transfer from the Houston County Jail excuses his failure to exhaust the available grievance process with respect to his discrimination claim inasmuch as it is clear from the evidence in this case that

his failure to properly exhaust available administrative remedies occurred prior to that time. Specifically, the evidence of record shows that Plaintiff filed this federal action while simultaneously pursuing the administrative grievance process at the county jail with respect to his discrimination claim. The evidence shows that on October 26, 2009, Plaintiff initiated the administrative remedy process at the county jail with regard to his grievance that he and another cellmate were left in a cell being doused with water and hazardous fumes from a broken sprinkler head while their white cellmate was removed and given dry clothes. Doc. No. 20, Exh. H. Eleven days later, on November 6, 2009, before jail officials had filed their response to the October 26 grievance, Plaintiff prepared and submitted the instant complaint for filing. *See* Doc. No. 1 at 4; *see Houston v. Lack,* 487 U.S. 266, 271-72 (1988) (A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.). The court received the complaint on November 12, 2009. On November 18, 2009, jail officials returned to Plaintiff a copy of his October 26, 2009 grievance, which contained their written response. Doc. No. 20, Exh. H. Plaintiff filed his first appeal of the grievance on November 19, 2009. *Id.*, Ex. I. A copy of Plaintiff's first appeal was returned to him with a response on December 11, 2009. *Id*. Plaintiff filed his second appeal of the four-step grievance process on December 12, 2009. *Id*., Exh. J. Shortly after that submission, Plaintiff was transferred to state custody before jail personnel could respond to his second appeal. Doc. No. 13.

    The PLRA requires prisoners to avail themselves of all available administrative

remedies ***before*** filing suit.  *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (because exhaustion of administrative remedies is a "precondition" to filing an action in federal court, an inmate must complete the administrative process before initiating suit).  While Plaintiff contends that he was transferred from the Houston County Jail before he could fully comply with the institution's grievance procedures, the undersigned finds that he initiated the instant complaint while actively engaged in the jail's grievance process over his discrimination claim.  He, therefore, failed to properly exhaust his administrative remedies before initiating this federal civil rights action.

      The PLRA rule requiring exhaustion would be circumvented by allowing prisoners to file a federal claim while simultaneously continuing through the administrative grievance process.  In this case, Plaintiff pursued his discrimination claim in this federal action while simultaneously pursuing the issue through the administrative remedy process provided by the county jail.  The evidence of record unequivocally shows that Plaintiff sued Defendants just days after initiating the Houston County Jail's administrative remedy procedures, and before jail personnel even filed a response to his initial administrative request.  Even assuming, *arguendo*, that Plaintiff subsequently exhausted his administrative remedies, that is not enough to save his suit because he is required to have properly exhausted before filing a complaint in this court.  *See Jones,* 549 U.S. at 204, 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court" . . . . in order to give "prison officials an opportunity to resolve disputes concerning

the exercise of their responsibilities before being haled into court."); *Higginbottom,* 223 F.3d at 1261; *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999); *see also Nyhuis v. Reno,* 204 F.3d 65, 67 n.12 (3d Cir. 2000) (finding that the PLRA requires that "inmates first test and exhaust the administrative [grievance] process, and then, if dissatisfied, take the time necessary to file a timely federal action").

Plaintiff failed to properly exhaust the administrative remedies available at the Houston County Jail prior to initiating suit in this court. The court, therefore, concludes that the claims presented in this cause of action are subject to dismissal as Plaintiff failed to properly exhaust the administrative remedy available to him in the Houston County Jail, which is a precondition to proceeding in this court on his claims. *Ngo,* 548 U.S. at 87-94.

As noted, Plaintiff is no longer incarcerated at the Houston County Jail. Thus, the administrative remedy provided by Defendants is no longer available to him. Under such circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Keirk*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (Inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable and no special circumstances

justified the failure to exhaust.).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Defendants' motion for summary judgment (Doc. No. 20) be GRANTED to the extent Defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy previously available to him at the Houston County Jail; and

2.  This case be DISMISSED with prejudice in accordance with the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him during his confinement in the Houston County Jail.

It is further

ORDERED that on or before **November 10, 2011**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of October, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE